## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**TRAVELES D. BULLARD**                                                          **PLAINTIFF**
**ADC #131228**

**V.**                            **NO. 4:23-cv-00523-JM-ERE**

**ALYSIA SHANTRELLE SHAW,** *et al.*                          **DEFENDANTS**

### RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge James M.
Moody Jr. You may file written objections to all or part of this Recommendation.
Any objections filed must: (1) specifically explain the factual and/or legal basis for
the objection; and (2) be received by the Clerk of this Court within fourteen (14)
days of the date of this Recommendation. If you do not object, you risk waiving the
right to appeal questions of fact and Judge Moody can adopt this Recommendation
without independently reviewing the record.

**II.    Background:**

Plaintiff Traveles D. Bullard, an Arkansas Division of Correction ("ADC")
inmate, filed this civil rights lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 1.* Mr.
Bullard's original complaint alleged that Defendants violated his due process rights
by falsifying a disciplinary charge against him. He sued Sergeant Alysia Shantrelle
Shaw, Lieutenant Rodney Henderson, Warden Todd Ball, and ADC Director Dexter

Payne and requested injunctive relief.[1]

The Court previously determined that Mr. Bullard's complaint failed to state a plausible constitutional claim. *Doc. 4*. In addition, Mr. Bullard failed to sign his original complaint. However, rather than screen the original complaint and recommend dismissal, the Court postponed the screening process[2] to give Mr. Bullard an opportunity to file an amended complaint clarifying his constitutional claims. Mr. Bullard has now filed a signed, amended complaint. *Doc. 5*. For the reasons explained below, Mr. Bullard's claims should be dismissed, without prejudice, based on his failure to state a plausible constitutional claim for relief.

## III.   Discussion:

### A.   Standard

To survive § 1915A screening, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

---

[1] Mr. Bullard requested that the Court order ADC officials to: (1) perform a stress test; (2) restore his good time; (3) restore his visitation rights; (3) restore his classification status; (4) transfer him to another ADC unit; and (5) terminate the employment of all ADC officials involved in the underlying incident. *Doc. 1 at 6.*

[2] Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

### B.    Mr. Bullard's Allegations

In his amended complaint, Mr. Bullard alleges that Defendant Shaw falsified a disciplinary against him for allegedly refusing to be drug tested. *Doc. 5*. He also complaints that Defendant Shaw allegedly refused to sign the major disciplinary in violation of ADC policy. Mr. Bullard alleges that such conduct violates: (1) the Fourteenth Amendment; and (2) the Universal Declaration of Human Rights Act. In addition, he alleges that, because Defendant Shaw had knowledge that he was "fully exposed to[] adult maltreatment intentional and unnecessary cruel and unusual punishment by be[ing] housed in restrictive housing for 25 days," she was required to report this conduct under the Long Term Care Facility Resident Maltreatment Act, ARK. CODE. ANN. § 12-12-1708. *Id. at 8*.

### C.    Due Process Claim

To state a Fourteenth Amendment due process claim, a prisoner "must first demonstrate that he was deprived of life, liberty, or property by government action."

See *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Here, the due process claim must be based on the denial of a liberty interest.

In his amended complaint, Mr. Bullard states that, as a result of the conviction for the disciplinary charge at issue, he was assigned to restrictive housing for 25 days. *Doc. 5 at 8*. Such punishment is not severe enough to trigger a liberty interest. See *Thornsberry v. Barden*, 854 F. App'x 105 (8th Cir. 2021) ("Thornsberry's assignment to isolation, loss of privileges, and reclassification were insufficient to state a due process claim."); *Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010) (inmate not deprived of liberty interest during nine months in administrative segregation); *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (inmates have no liberty interest in maintaining a particular classification level; and thirty days in punitive segregation is not an atypical and significant hardship); and *Kennedy v. Blankenship*, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (placement in punitive isolation was not atypical and significant hardship despite restrictions in mail, telephone, visitation, commissary, and property privileges). Accordingly, Mr. Bullard has failed to state a plausible constitutional claim for relief.

D.    **Violation of ADC Policy**

To the extent that Mr. Bullard alleges that Defendant Shaw violated ADC policy by failing to sign the major disciplinary at issue, this claim also fails. The law is settled that failing to follow prison policies or procedures is not conduct that rises

to the level of a constitutional claim. *McClinton v. Arkansas Dep't of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).

### E.   Violation of Universal Declaration of Human Rights Act

It is unclear what possible application the Universal Declaration of Human Rights (Declaration), a United Nations General Assembly proclamation from 1948,[3] could possibly have to Mr. Bullard's allegations in this lawsuit. In any event, Mr. Bullard has no right to bring a civil suit in federal court to either enforce the Declaration or to seek a remedy for its alleged violation. See *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734-35 (2004).

### F.   Long Term Care Act

Under Arkansas Code Annotated § 12-12-1703, "'Long-term care facility' means: (A) A nursing home; (B) A residential care facility; (C) A post-acute head injury retraining and residential facility; (D) An assisted living facility; (E) An intermediate care facility for individuals with intellectual disabilities; or (F) Any facility that provides long-term medical or personal care." According to Arkansas statutory law, "[t]he Attorney General may institute a civil action on behalf of the State of Arkansas against any long-term care facility caregiver or board and care

---

[3] See https://www.un.org/en/about-us/universal-declaration-of-human-rights (last accessed 7/20/23).

facility caregiver necessary to enforce any provision of this subchapter." See ARK. CODE ANN. § 12-12-1706.

Mr. Bullard lacks standing to pursue any claim raised under this Act.

### G.     Defendants Henderson, Ball, Payne

Mr. Bullard's amended complaint fails to attribute any unconstitutional conduct to Defendants Henderson, Ball, and Payne. Accordingly, he has failed to state a plausible constitutional claim for relief against those Defendants. See *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights") (internal quotation marks and citation omitted).[4]

## IV.   Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1.     Mr. Bullard's claims be DISMISSED, without prejudice, based on his

---

[4] The Court previously notified Mr. Bullard that any amended complaint would supersede or replace the original complaint. See *In re Atlas Lines, Inc.* 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). So, Mr. Bullard should make sure that his amended complaint includes all allegations relevant to the claim(s) he wants to pursue in this lawsuit.

failure to state a plausible constitutional claim for relief.

2.     In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

3.     The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4.     The Clerk be directed to close this case.

Dated 20 July 2023.


_____
UNITED STATES MAGISTRATE JUDGE